[Crim. No. 1197.  Third Appellate District.—September 28, 1932.]

THE PEOPLE, Respondent, v. RAY HANEY, Appellant.

A. K. Wylie and Oscar Gibbons for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

PRESTON, P. J.—The appellant was charged jointly with Allen Curts with the crime of grand theft consisting of the stealing of three sets of harness, seven horse-collars, seven halters, several bridles, one saddle, one saddle blanket, trappings and a pair of chaps, of a total value in excess of $200, belonging to W. H. Flournoy. The defendant Curts admitted his participation in the crime. The appellant was separately tried and found guilty of grand theft. The accomplice, Allen Curts, was the chief witness against

him. From the judgment of conviction the defendant has appealed.

The appellant contends the evidence fails to support the verdict for the reason that there is a lack of corroboration of the testimony of the accomplice, and because the only evidence that the value of the stolen property exceeds the sum of $200 was furnished by the owner Flournoy, who failed to qualify himself as a witness regarding the valuation on account of a lack of knowledge of recent sales of second-hand property of that nature.

The owner of personal property who is familiar with its original cost and use is qualified to testify regarding its value, independently of his knowledge of recent sales of similar second-hand property. (1 Wigmore on Evidence, 813, sec. 716; *Hood* v. *Bekins Van & Storage Co.*, 178 Cal. 151 [172 Pac. 594]; *Klind* v. *Valley County Bank*, 69 Mont. 386 [222 Pac. 439]; *Vukmanovich* v. *State Assur. Co.*, 82 Mont. 52 [264 Pac. 933]; Third Dec. Dig., "Evidence", sec. 474 [19].)

The text of Wigmore on Evidence, above cited, reads as follows: "The owner of an article, whether he is generally familiar with such values or not, ought certainly to be allowed to estimate its worth." The primary question of the qualification of a witness to express an opinion regarding the value of property rests chiefly upon the sound discretion of the trial judge exercised according to well-established rules of evidence. Except for an abuse of this discretion, the admission of such evidence will not be disturbed on appeal. The weight of the evidence must be determined solely by the jury.

In the present case Mr. Flournoy testified that he was the owner of the stolen property and knew the approximate value thereof, although he had not known of recent sales of such second-hand property in that vicinity. He said: "Any farmer has . . . some idea of the value of harness and other property on the ranch, or he would not be able to do business." He testified that the saddle cost him $104, but fixed the value at $75. He estimated the aggregate value of the stolen articles at $240. This does not seem unreasonable. A harness-maker of Alturas, who examined most of the stolen articles, estimated their aggregate value at slightly less than $200. He thought the saddle

was worth only about $50. The testimony of Flournoy regarding the value of the stolen property was competent to be considered by the jury. The question of the actual value of the property was a problem for the determination of the jury. The jury found the appellant guilty of grand theft. By implication, we must assume, the jury thought the stolen property worth in excess of $200. The evidence is ample to support this finding.

The record contains sufficient corroboration of the testimony of Allen Curts to support the verdict. The defendants had been associates for two years. Both were interested in horses. They had participated in rodeos. Mr. Flournoy was engaged in stock-raising in Modoc County. The appellant was working for Harry Hughes, a neighbor of Allen Curts, his co-defendant. He had been employed as a farmhand for about a month and was sleeping in the granary. Within a few days after the theft occurred, the appellant was found with one of the stolen bridles and the saddle in his possession on the Hughes place where he was employed. When Mr. Flournoy and an officer arrived at the Hughes ranch in search of the stolen property, they were refused permission to examine the premises without a search-warrant. Flournoy remained there while the officer procured a warrant. Both the saddle and the bridle were found. There was no previous claim of ownership or explanation of their presence. When they were discovered, the appellant said: ''They didn't have nothing on him because that was his bridle.'' He then claimed it was his own bridle. Prior to the discovery of the saddle and bridle, the appellant negotiated with one Blodgett to trade the stolen saddle for another one. Blodgett testified to this fact. Mr. Hughes also testified that the appellant arranged with him to exchange one of the sets of stolen harness for another set. He said: ''Mr. Haney said, we (Curts and himself) have got one set of leather tug harness that you might as well take out there, because we want to plow, and we would like to have chain harness when we plow.'' These and other circumstances which are disclosed by the record corroborate the testimony of the appellant's accomplice in the theft sufficiently to support the verdict against him.

The corroborating evidence which is required by section 1111 of the Penal Code to supplement the testimony of an accomplice need not be sufficient to establish the guilt of the defendant independently of the testimony of the accomplice, nor furnish satisfactory evidence of all the essential elements of the crime. Such corroborating evidence is sufficient if it satisfactorily tends to connect the defendant with the commission of the offense even though its weight be slight and is entitled to little consideration when standing alone. (Sec. 1111, Pen. Code; 8 Cal. Jur. 178, sec. 256; *People* v. *Davis*, 210 Cal. 540 [293 Pac. 32]; *People* v. *Breitenstein*, 111 Cal. App. 746 [296 Pac. 87].)

The judgment is affirmed.

Plummer, J., and Thompson (R. L.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 13, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 27, 1932.