[Civ. No. 24518.   Second Dist., Div. Three.   May 3, 1961.]

CHARLES SHEFRONICK, Respondent, v. WILLISTON H. SHEFRONICK et al., Appellants.

John H. Gordon for Appellants.

No appearance for Respondent.

SHINN, P. J.—Defendants Williston H. Shefronick and Edythe A. Shefronick, husband and wife, appeal from a judgment against them in favor of Charles Shefronick in the amount of $4,664.78, interest and costs.

The facts established by the findings are the following. Charles, 69 years of age, is the father of Williston; he is an elderly man in poor health. Defendants promised Charles that

if he would make the down payment on a home in Downey, California, and join in the obligation to pay the balance owing on the property, including certain encumbrances, title would be taken in the name of Charles and Williston as joint tenants; defendants would make all monthly payments until the entire balance was paid; Charles would occupy the home with the defendants and defendants would furnish him board and keep for as long as he might live. Plaintiff paid under the agreement $4,664.78 which constituted his life's savings and in all respects kept and performed his obligations under the agreement; title was conveyed to Charles and Williston as joint tenants but defendants have refused and continue to refuse to permit Charles to reside on the premises, and have failed and refused to furnish him with a home or any board or keep. Upon the refusal of defendants to keep their agreement, plaintiff demanded the return of the money contributed as aforesaid; the amount of defendants' debt was ascertainable on the 8th day of February 1956 and defendants have refused and still refuse to return said amount or any part thereof to plaintiff. Judgment was entered in accordance with the findings.

The complaint sought a money judgment, or in the alternative, partition of the property. It was not served upon named defendants who hold encumbrances on the property. At the commencement of the trial it was stipulated that the court would try first the cause of action by which plaintiff sought a money judgment and if the same should be denied, the cause of action for partition would be tried later after all named defendants had been served with process. The trial proceeded pursuant to the stipulation.

The grounds of appeal are (1) there was no "competent" evidence to support the finding that defendants or either of them promised to furnish Charles with a home; (2) there was no evidence to support the finding that Edythe obligated herself to pay Charles any sum of money; (3) there was no evidence to support the finding that plaintiff was entitled to interest from February 8, 1956. None of these grounds of appeal is sustainable.

After the property was purchased plaintiff returned to Iowa where his deposition was taken. The deposition was read into evidence. The brief of defendants contains a statement of plaintiff's testimony, which was identical with the allegations of the complaint and the court's findings, except for the amount contributed by plaintiff which he stated was

$5,257.51. In addition, he testified the defendants had often written to him begging him to come to California and make his home with them and that after the house was purchased Williston told him that his wife would not allow plaintiff to live in the home and that he would have to find another one for himself. Williston testified that although plaintiff was the one who had urged the purchase of a home and that they had gone together in inspecting 10 or 12 houses and that plaintiff was particularly pleased with the one they purchased, he decided that he did not like the house and refused to move into it. Williston also testified that he considered plaintiff's contribution to be a gift. Plaintiff, as one of the joint tenants, had a right to occupy the premises and yet neither defendant testified to a willingness to permit him to do so. We are of the opinion that the court could not reasonably have failed to accord full credit to the testimony of the plaintiff. There would have been no purpose in plaintiff's contributing to the purchase of the house if it had not been understood that he would be permitted to live in it.

The statement that there was no "competent" evidence of the agreement means only that there was evidence of the agreement but that it was not competent. This is made clear by the statement of the evidence contained in defendants' brief.

We understand that the evidence is characterized as incompetent because the agreement was not in writing and was therefore unenforceable. ▆▆ Plaintiff is not seeking to enforce the agreement but only the return of his money after defendants breached the agreement, and thereby brought about a material failure of the consideration which had induced plaintiff to enter into it. When defendants excluded plaintiff from the home they had a duty to return the money which he had contributed. (*Fontaine* v. *Lacassie,* 36 Cal.App. 175 [171 P. 812].) Plaintiff's right derives from the fact that defendants cannot in equity and good conscience retain the benefits of the agreement and repudiate its burdens. (*Firpo* v. *Pacific Mut. Life Ins. Co.,* 80 Cal.App. 122 [251 P. 657].)

▆▆ When the property was purchased, Edythe executed an instrument under which Williston's interest would be his separate property. She testified that she did not enter into any agreement with plaintiff, but plaintiff testified that she participated in all the conversations. It also appears that she was the one responsible for excluding plaintiff from the premises. It cannot be successfully contended that she derived

no benefit in the transaction. She is living in a home, the acquisition of which was made possible through the use of plaintiff's money.

■ There was evidence that plaintiff made a proper demand upon defendants at least as early as February 8, 1956, and that the defendants neither offered to perform their agreement or to return any of the money which plaintiff had invested. It was proper, therefore, for the judgment to contain a provision for interest at the rate of 7 per cent from February 8, 1956.

The judgment declared a lien on the property in favor of plaintiff and provided that on satisfaction of the judgment "all of plaintiff's right, title and interest in the real property as aforesaid is transferred to defendants Williston H. Shefronick and Edythe A. Shefronick." These provisions of the judgment substantially protect the rights of defendants and are evidently satisfactory to them, inasmuch as they are not criticized.

The judgment is affirmed.

Vallée, J., and Ford, J., concurred.