[Civ. No. 20856.   First Dist., Div. Two.   Oct. 15, 1963.]

VERNA HOLT, Plaintiff and Respondent, v. ED RAVANI, Defendant and Appellant.

Frank J. Baumgarten for Defendant and Appellant.

Leo M. Cook for Plaintiff and Respondent.

THE COURT.—This is an appeal from a judgment in favor of the plaintiff, Verna Holt, in an action on the common counts. The grounds of appeal are that the findings are not supported by the evidence and that the complaint does not state a cause of action. Neither of these grounds of appeal is sustainable.

The complaint alleged that on or about November 15, 1958, plaintiff transferred possession of a 1952 Cadillac convertible automobile of the reasonable value of $1,200, to the defendant, Ed Ravani, in consideration of the defendant's oral promise to look after and supervise the management of the plaintiff's tavern, ''Jack's Redwood Empire Club'' in Laytonville. The defendant admitted the transfer of the car but denied the existence of any oral agreement, and maintained that the car was a gift.

The record amply supports the findings and the.

judgment. As usual in cases of this kind, the chief witnesses were the two parties. ■ The credibility of the witnesses, as well as all the conflicts in the evidence, were the exclusive province of the trial court. Our power begins and ends with a determination whether substantial evidence supports the trial court's determination (*Mills* v. *Kopf,* 216 Cal.App.2d 780, 783 [31 Cal.Rptr. 80]). ■ Plaintiff testified that after her husband's death in 1957, she sought the advice of the defendant and his wife who had been her friends for about 15 years. Defendant orally promised to supervise the operation and management of Jack's Redwood Empire Club, including the payment of bills, monthly inventories, and the payment of the $650 monthly rental to the plaintiff by the lessees. The uncontroverted evidence established that apart from the initial inventory, the defendant did not perform any of the services promised. When the plaintiff repossessed the business in February 1959, she had received only one month's rent; $3,000 of liquor inventory was missing, and the lessees had incurred other obligations totaling $6,000-$7,000. The evidence also established that the defendant had been instrumental in putting the plaintiff in contact with the lessees and in obtaining an attorney for her on a matter concerning the bar. Plaintiff demanded the return of the automobile, and defendant refused. We can only conclude that the evidence supports the finding that the plaintiff transferred the car to the defendant pursuant to the oral agreement.

■ Defendant's next contention is that the trial court's finding that the value of the car was $1,200 is not supported by the evidence. Defendant's argument is based on his evidence concerning the blue book value of the car. Plaintiff testified that her husband acquired the car when it was a few months old and that its value was $1,200. ■ It is well settled that the owner of property, whether generally familiar with value or not, is competent to testify as to the value of his property (*Harold* v. *Pugh,* 174 Cal.App.2d 603, 609 [345 P.2d 112]; *Kahn* v. *Lischner,* 128 Cal.App.2d 480, 487 [275 P.2d 539]; *Hagen* v. *Sherman,* 147 Cal.App.2d 28 [304 P.2d 767]). This rule applies to personal as well as real property (*Locatelli* v. *Haskell,* 152 Cal.App.2d 206 [312 P.2d 735]; *Pfingsten* v. *Westenhaver,* 39 Cal.2d 12, 20-21 [244 P.2d 395]). ■ The plaintiff did not drive but her witness who did corroborated her testimony on the condition of the car and also stated that a new set of tires had been put

on shortly before the transfer. The value of the car was a question of fact for the trial court and there is ample support for its finding that the plaintiff was entitled to $1,200.

Defendant's contention that the complaint failed to state a cause of action because it was not phrased in tort or contract is likewise without merit. There can be no question that when a total failure of consideration for an executory contract results by reason of the failure of a party to perform, the other may recover by an action on the common counts (*Orton* v. *Privett*, 202 Cal. 754 [262 P. 713]; *S. C. V. Peat Fuel Co.* v. *Tuck*, 53 Cal. 304. Plaintiff's right derives from the fact that defendant cannot in equity and good conscience retain the benefits of the agreement and repudiate its burdens (*Shefronick* v. *Shefronick*, 191 Cal.App.2d 740 [12 Cal.Rptr. 914]).

Judgment affirmed.