[Crim. No. 2082.   Fourth Dist.   July 2, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. JOHN
EVERETT DAUGHERTY, Defendant and Appellant.

John Everett Daugherty, in pro. per., and Russell G. Behrens, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and C. Anthony Collins, Deputy Attorney General, for Plaintiff and Respondent.

BROWN (Gerald), P. J.—Defendant John Everett Daugherty appeals from a judgment of conviction entered upon a jury verdict finding him guilty of grand theft (Pen. Code, §§ 484-487).

In August 1963, Robert Krauss purchased a motorcycle from the defendant. Krauss transferred a car and $250 cash in exchange for the motorcycle. The motorcycle, a bill of sale marked "Paid in Full," and the pink slip were delivered to him. The transaction was witnessed by Krauss' employer, Robert Clifford.

In November 1963, the defendant came to the service station where Krauss worked, and offered to tune the motorcycle engine for him. The defendant wanted to warm up the engine before adjusting the valves. Krauss told him that according to the book the valves were to be adjusted when the engine was cold. The defendant stated he had a better way of doing it. Krauss replied, "Start it here, run it here, get it hot." He did not give the defendant permission to take the motorcycle from the premises. A short time later Krauss and Clifford saw the defendant speed away on the motorcycle. It has not been seen since.

The defendant was located in Butte, Montana. The officer who accompanied the defendant back to California testified he conversed with him on the train. On one occasion between Butte, Montana, and Salt Lake City, Utah, he told the defendant, "[T]hat boy would like to know where his motorcycle [is], he'd like to have it back." The defendant responded, "That boy hasn't lost his motorcycle, he just doesn't know where it is, and if I get convicted of this, they will never find that motorcycle."

Krauss had a conversation with the defendant at the jail. The defendant stated that if Krauss "took him to court" he would never get the motorcycle back. The prosecutor commented and the court instructed the jury on the defendant's failure to take the witness stand. Upon his conviction the defendant was sentenced for the "term prescribed by law with respect to the offense of which he has been convicted," and committed to the Adult Authority at Chino.

█ The defendant contends there was insufficient evidence to support the implied finding, necessary to support a grand theft conviction, that the value of the motorcycle was more than $200. Krauss's testimony he had paid $350 ($250 cash and $100 allowance on the car) for the motorcycle a few months before it was taken, refused offers to purchase it of $450 and $650, and valued it between $500 and $600, amply supports the finding. (*People* v. *Haney,* 126 Cal.App. 473, 476 [14 P.2d 854]; *People* v. *Coleman,* 222 Cal.App.2d 358 [35 Cal.Rptr. 141]; *Holt* v. *Ravani,* 221 Cal.App.2d 213, 215 [34 Cal.Rptr.

417].) The testimony of defendant's expert, who had never seen the motorcycle, and a former owner that it was worth less than $200 merely created a conflict in the evidence which the jury resolved against the defendant. (*People* v. *Haney, supra,* 126 Cal.App. 473; *Holt* v. *Ravani, supra,* 221 Cal. App.2d 213, 215.)

■ Relying on the rules set forth in *Escobedo* v. *Illinois,* 378 U.S. 478 [84 S.Ct. 1758, 12 L.Ed.2d 977], and *People* v. *Dorado,* 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361], the defendant urges the court committed prejudicial error in admitting his statement to the officer who accompanied him from Montana. These cases are not in point. Both require a process of interrogation which lends itself to eliciting incriminating statements. There was no interrogation here. The defendant replied to a statement by the officer. Assuming the officer was seeking a response, the inference the officer was seeking the location of stolen property is much stronger than the inference he was seeking an incriminating statement. An objective consideration of the facts surrounding the making of the incriminating statement leads us to conclude there was no process of interrogation lending itself to eliciting incriminating statements (*People* v. *Stewart,* 62 Cal.2d 571, 579 [43 Cal.Rptr. 201, 400 P.2d 97]), and consequently, no error in admitting the statement in evidence.

■ The defendant next contends the court committed prejudicial error in permitting the prosecutor to comment on his failure to take the stand and in instructing the jury on this point. Though error (*Griffin* v. *California,* 380 U.S. 609 [85 S.Ct. 1229, 14 L.Ed.2d 106]), we are of the opinion, after an examination of the entire cause, including the evidence, it is not reasonably probable that a result more favorable to the accused would have been reached in the absence of the error. (Cal. Const., art. VI, § 4½; *People* v. *Bostick,* 62 Cal.2d 820 [44 Cal.Rptr. 649, 402 P.2d 529]; *People* v. *Watson,* 46 Cal.2d 818, 836-837 [299 P.2d 243].) The evidence of defendant's guilt is overwhelming.

Defendant's contention the court's judgment is fatally vague is unsupported by authority, wholly without merit, and need not be discussed.

Judgment affirmed.

Coughlin, J., and Whelan, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 25, 1965.