Filed 5/6/21  P. v. Pulou CA1/5

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>PULOU JUNIOR PULOU,<br><br>    Defendant and Appellant. | A158856<br><br>(San Francisco City and County<br>Super. Ct. Nos. 19009444 /<br>231511) |

Pulou Junior Pulou appeals from his felony conviction for unlawful driving or taking of a vehicle under Vehicle Code section 10851, subdivision (a), asserting there was insufficient evidence that the vehicle was worth more than $950.  He also contends that a one-year enhancement to his sentence based on a prior prison term must be stricken because it is no longer authorized after a subsequent amendment to Penal Code section 667.5, subdivision (b); the People concede the issue.  Although we conclude the evidence was sufficient to support his conviction, we reverse the one-year enhancement and remand for resentencing.

### BACKGROUND

A jury found Pulou guilty of violating Vehicle Code section 10851, subdivision (a), based on evidence that he got into a 1999 Nissan Altima and drove the car away after the victim, Alberto, left it double-parked with the

1

engine running. The jury found the value of the vehicle exceeded $950. Further, the jury found Pulou guilty of misdemeanor receiving stolen property (Pen. Code, § 496, subd. (a)), a cell phone. The trial court found true allegations that Pulou had a prior strike and had served prior prison terms for unlawful driving or taking of a vehicle and two other offenses.

The trial court sentenced Pulou in October 2019. For the violation of Vehicle Code section 10851, the court sentenced him to the mid-term of three years, doubled to six years due to the prior strike. The court also imposed a one-year enhancement pursuant to Penal Code section 667.5, subdivision (b), based on Pulou's prior prison term for unlawful driving or taking of a vehicle (Veh. Code, § 10851), for a total sentence of seven years. For the Penal Code section 496, subdivision (a) violation, the court sentenced Pulou to one year in county jail but stayed the sentence pursuant to Penal Code section 654.

## DISCUSSION
### A.

Pulou contends that his felony conviction for unlawful taking or driving of a vehicle under Vehicle Code section 10851 must be reduced to a misdemeanor because there was insufficient evidence that the value of the car exceeded $950, as is required for a felony theft conviction. (See *People v. Gutierrez* (2018) 20 Cal.App.5th 847, 855.) We disagree.

In considering a challenge to the sufficiency of the evidence, we review the record for substantial evidence from which a reasonable trier of fact could have found the essential elements of the crime beyond a reasonable doubt. (*People v. Morales* (2020) 10 Cal.5th 76, 88.) We " 'review the evidence in the light most favorable to the prosecution and presume in support of the judgment the existence of every fact the [trier of fact] could reasonably have deduced from the evidence.' " (*People v. Lee* (2017) 11 Cal.App.5th 344, 353.)

Alberto testified that the 1999 Nissan Altima he was driving was worth $1,650. Because he earned his living by delivering newspapers and delivering food for DoorDash, he needed the car for work. Although he purchased the car about a year and eight months earlier from his friend, the car was still registered under his friend's name because he never transferred the title. Alberto testified: "I'm the owner of the car." While the car was "old," he did regular repairs and maintained the car, so "[t]he car was perfect" and functioned normally.

It is well-established that "[t]he opinion of an owner of personal property is in itself competent evidence of the value of that property, and sufficient to support a judgment based on that value." (*Schroeder v. Auto Driveaway Co.* (1974) 11 Cal.3d 908, 921.) "Owners are presumed to know the value of their property, and being permitted under the law to testify thereto, their evidence in that regard is entitled to be weighed and considered by the jury." (*Los Angeles County Flood Control District v. Abbot* (1938) 24 Cal.App.2d 728, 737-738, disapproved of on other grounds by *Joslin v. Marin Municipal Water Dist.* (1967) 67 Cal.2d 132, 143; see also *Le Brun v. Richards* (1930) 210 Cal. 308, 319 ["An owner of property may, without being qualified as an expert on values, testify as to his opinion of the value of that which he owns."].)

We reject Pulou's argument that the People presented insufficient evidence that Alberto had a basis for his knowledge of the car's value. Alberto was clearly familiar with the condition of the car, since he had purchased it a year and eight months prior, drove the car regularly to make his living, and was responsible for maintaining it. (See *Holt v. Ravani* (1963) 221 Cal.App.2d 213, 215-216 [concluding that plaintiff's testimony "that her husband acquired the car when it was a few months old and that its value

3

was $ 1,200" provided "ample support" for the trial court's finding that the car was worth $1,200].)  The jury could reasonably infer that he was familiar with the amount he paid for the car although he did not disclose the sum.

Likewise without merit is Pulou's contention that Alberto's testimony was insufficient simply because he was not registered as the owner.  Alberto testified that he was the owner, that he had purchased the car, and that he had had the car for a year and eight months.  Although he did not formally transfer the title, that did not make him less qualified to give his opinion of the value of the car.  (Cf. Evid. Code, § 813, subds. (a)(2), (c)(1) ["owner of the property" is qualified to testify on the value of property; "owner of the property" includes a "person entitled to possession of the property"].)

Ultimately, whether Alberto's opinion of the car's value was entitled to any weight was a question for the jury.  (See *Willard v. Valley Gas & Fuel Co.* (1915) 171 Cal. 9, 14 ["The fact that [the property owners] did not possess expert knowledge of values . . .  generally went rather to the weight than to the admissibility of their testimony."], overruled on another ground by *Showalter v. Western Pacific Railroad* (1940) 16 Cal.2d 460, 465, 467.)  The evidence concerning the value of the car was sufficient to support the felony theft conviction.[1]

### B.

The parties agree that the one-year enhancement imposed by the trial court pursuant to Penal Code section 667.5, subdivision (b), based on his prior conviction for unlawfully driving or taking a vehicle (Veh. Code, § 10851) must be stricken because it is no longer authorized.

---

[1] Accordingly, we need not address the People's alternative contention that the evidence was sufficient to support a conviction for unlawfully driving the car, regardless of its value.

4

An amendment to Penal Code section 667.5, subdivision (b), effective January 1, 2020, eliminated the one-year prior prison term enhancement unless the prior term was for a sexually violent offense. (Sen. Bill No. 136 (2019 Reg. Sess.), Stats. 2019, ch. 590, § 1; see, e.g., *People v. France* (2020) 58 Cal.App.5th 714, 718 (*France*), review granted Feb. 24, 2021, No. S266771; *People v. Jennings* (2019) 42 Cal.App.5th 664, 681 (*Jennings*).) The People concede that this amendment applies retroactively because Pulou's conviction was not yet final on the effective date of the amendment. (See, e.g., *France*, *supra*, 58 Cal.App.5th at pp. 718-719; *Jennings*, *supra*, 42 Cal.App.5th at p. 681.)

Accordingly, we reverse Pulou's one-year Penal Code section 667.5, subdivision (b) prior prison term enhancement and remand for resentencing consistent with this opinion. (See, e.g., *Jennings*, *supra*, 42 Cal.App.5th at p. 682 [reversing section 667.5, subdivision (b) enhancement and remanding "for resentencing to allow the court to exercise its sentencing discretion in light of the changed circumstances"]; see also *People v. Baldwin* (2018) 30 Cal.App.5th 648, 657-658 [where defendant's prior convictions could no longer be the basis for enhancements under Penal Code section 667.5, subdivision (b), the court would remand for resentencing "subject . . . to the requirement that [the defendant] may not receive an aggregate sentence greater than that previously imposed"].)

## DISPOSITION

Pulou's one-year Penal Code section 667.5, subdivision (b), prior prison term enhancement is reversed. The matter is remanded for resentencing consistent with this opinion and prevailing law. In all other respects, the judgment is affirmed.

_____
BURNS, J.

We concur:


_____
SIMONS, ACTING P.J.


_____
NEEDHAM, J.


A158856