Filed 5/13/21  P. v. Harmon CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B308766 |
| Plaintiff and Respondent, | |
| | (Los Angeles County |
| v. | Super. Ct. No. LA071371) |
| GERJUAN DESHON HARMON, | |
| Defendant and Appellant. | |

THE COURT:

Gerjuan Deshon Harmon (defendant) filed a petition for resentencing under Proposition 47 (Pen. Code, § 1170.18)[1] seeking to reclassify his 2013 felony conviction for unlawful

---

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

taking or driving of a motor vehicle (Veh. Code, § 10851, subd. (a)) as a misdemeanor.  The trial court denied his petition, finding that he was ineligible for relief because the $300,000 Bentley he drove away and crashed into a pole was worth more than $950 (before it was crashed into a pole).  Defendant appealed, and his appointed counsel filed an opening brief pursuant to *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*), indicating that his review of the entire record revealed no "arguable issues to raise on appeal."  Because defendant availed himself of his right to file a supplemental brief, we will review the arguments he raises.  (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1040 (*Cole*), review granted Oct. 14, 2020, S264278.)  As explained below, these arguments are meritless, not properly before us, or both.  Accordingly, we affirm.

In his supplemental brief, defendant raises four arguments.

His first two arguments are the only arguments properly before us, as they are the only ones pertaining to the order he appealed that denied him relief under Proposition 47.

Defendant urges that the trial court erred in not reducing his felony Vehicle Code section 10851 conviction to a misdemeanor.  In *People v. Page* (2017) 3 Cal.5th 1175, 1187, our Supreme Court held that Proposition 47 mandates the reduction of a felony conviction for unlawful *taking* of a vehicle under Vehicle Code section 10851 to a misdemeanor if the vehicle taken was worth less than $950.  This does not aid defendant because (1) the jury's acquittal of the charge of grand theft auto (§ 487) of the Bentley necessarily means that its guilty verdict for unlawful taking or driving a vehicle rests on *driving*, and (2) even if we ignore the jury's findings, the sole evidence at trial was that the Bentley he took was worth $300,000, which is more than 315

2

times *greater* than the $950 threshold. In his supplemental brief, defendant urges that our Supreme Court's decision in *People v. Bullard* (2020) 9 Cal.5th 94 (*Bullard*) aids him. It does not. *Bullard* held that, unlike the general crime of "theft," Vehicle Code section 10851 does not require proof of a defendant's intent to *permanently* deprive the owner of the vehicle; a temporary deprivation will suffice. (*Id.* at pp. 99-100.) Thus, whether defendant sought to deprive his victim of her Bentley for a day or forever is of no moment; his conviction for felony unlawful driving stands.

Defendant also urges that trial court erred in determining that the record of conviction foreclosed his ineligibility for Proposition 47 relief without first appointing him counsel. However, because the court's determination was based on the uncontested evidence in the record of conviction—and, indeed, because defendant proffered no contrary evidence in his support of his Proposition 47 petition—the court denied defendant's petition at the "eligibility stage" (rather than the later, "resentencing" stage) and there is no right to counsel at the eligibility stage. (Cf. *People v. Rouse* (2016) 245 Cal.App.4th 292, 299-300.)

Defendant's remaining two arguments are outside the scope of the order reviewed, and we need not consider them. They also lack merit.

Defendant contends that *all* of the convictions he sustained after two separate trials in 2013 and in 2014—for first degree burglary of an inhabited dwelling house with a person present (§ 459), for grand theft of personal property (§ 487, subd. (a)), for resisting executive officers (§ 69) (two counts), and for evading an officer in a vehicle with willful disregard (Veh. Code, § 2800.2,

3

subd. (a))—must be vacated because the People had *twice* dismissed the charging document and did not obtain his consent to a file a *third* charging document, rendering his convictions invalid under section 1387. We have rejected this precise contention twice before—in denying two petitions for writs of habeas corpus filed in May 2015 (*In re Harmon*, (May 27, 2015, B264086)) and in May 2018 (*In re Harmon*, (June 14, 2018, B290369))—and for good reason: It lacks merit. The record reflects that defendant *consented* to the refiling of the charging document following a single dismissal, as authorized by section 1387.2. Although the court's minute order initially cited the wrong Penal Code provision and had to be corrected, the record is clear that there was one dismissal and that defendant consented to the People's refiling of the same charges in the same charging document. This complied with section 1387.

Defendant asserts that the trial court erred under the rules of evidence in admitting the victim's testimony regarding the value of the items he stole from her. Because this assertion could have been raised during the direct appeal of his conviction, he may not raise it now. (*In re Dixon* (1953) 41 Cal.2d 756, 759.) This assertion also lacks merit: The victim testified from her personal knowledge, and "[i]t is well settled that the owner of [personal] property, whether generally familiar with value or not, is competent to testify as to the value of [her] property." (*Holt v. Ravani* (1963) 221 Cal.App.2d 213, 215 [so holding, as to a car].)

The trial court's order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

4

_____

ASHMANN-GERST, Acting P. J., CHAVEZ, J., HOFFSTADT, J