Filed 10/13/25  P. v. Sanchez CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　v.<br><br>GILBERT DAVID SANCHEZ Jr.,<br><br>　　Defendant and Appellant. | D086173<br><br><br>(Super. Ct. No. RIF2302325) |

APPEAL from a judgment of the Superior Court of Riverside County, Charles G. Rogers and F. Paul Dickerson III, Judges.  Affirmed.

Lindsey M. Ball, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Steve Oetting and Maxine Hart, Deputy Attorneys General, for Plaintiff and Respondent.

# I

# INTRODUCTION

A jury convicted Gilbert David Sanchez, Jr. of one count of felony vandalism (Pen. Code, § 594, subd. (a); count 5),[1] acquitted him of one count of making a criminal threat (§ 422; count 3) and one count of elder abuse under circumstances likely to produce great bodily injury or death (§ 368, subd. (b)(1); count 4), and failed to reach a verdict on two counts of assault with a firearm (§ 245, subd. (a)(2); counts 1 & 2). After a retrial on counts 1 and 2, a second jury convicted Sanchez on the assault with a firearm charges and returned true findings on firearm enhancements attached to both counts (§ 12022.5, subds. (a), (d)). Sanchez was sentenced to an aggregate term of 10 years in state prison.

On appeal from the judgment of conviction, Sanchez contends we must reduce his felony vandalism conviction to a misdemeanor because there was insufficient evidence that the property damage he caused amounted to $400 or more—the minimum threshold needed to support a felony vandalism conviction. (§ 594, subd. (b)(1).) We reject this argument and affirm the judgment.

# II

# BACKGROUND

Sanchez is the grandson of the victim, Raul M. Sanchez and multiple other family members lived in the home of Raul and his wife. Sanchez and Raul had a contentious relationship at times. On one occasion, the men argued with one another about money, and Sanchez armed himself with a firearm, pointed it at Raul, and threatened him. On another occasion,

---

1    All further undesignated statutory references are to the Penal Code.

Sanchez repeatedly struck Raul with a chair, causing Raul to sustain injuries to his arms and ribs.

On the evening at issue, Sanchez started yelling at Raul's wife because he expected her to prepare food for him and she had not done so. Raul told Sanchez to leave the house and said he would call the police. Raul went into his bedroom to make the call and heard smashing and banging noises coming from elsewhere in the house. Sanchez had punched and kicked the kitchen wall, leaving two holes in the wall. Sanchez then went outside and kicked, punched, and dented the side of Raul's vehicle. After a law enforcement officer arrived on the scene, Sanchez admitted to the responding officer that he kicked the dents into the vehicle.

At trial, the prosecutor asked Raul if he knew how much it would cost to fix the dents in his vehicle. Raul testified that he did "[n]ot really" know, but his insurance deductible would be $500. He added that he had not paid the $500 deductible because he "would rather keep [the money] in [his] pocket, spend it on something else." Photographs of the vehicle dents and the holes in the kitchen wall were shown to the jury and admitted into evidence.

At the close of the prosecution's case, Sanchez moved to dismiss the charged offenses pursuant to section 1118.1. With respect to the felony vandalism charge, the defense argued the record did not contain sufficient evidence that Sanchez had inflicted $400 or more in damage to Raul's property. The defense argued, "[t]here was some loose discussion … about a call to insurance and a deductible amount, but that was not directly connected to an assessment of value of either the car or the holes in the wall." The trial court denied the motion to dismiss, finding there was "more than enough evidence" for the jury to make a determination on guilt.

3

III

DISCUSSION

On appeal from the judgment of conviction, Sanchez argues the evidence adduced at his trial was insufficient to support the jury's finding that the damage he caused met or exceeded $400. He therefore requests that we reduce his felony vandalism charge to a misdemeanor.

Every person who maliciously defaces, damages, or destroys "any real or personal property that is not his or her own" is guilty of vandalism. (§ 594, subd. (a).) Section 594 authorizes a felony vandalism conviction when "the amount of defacement, damage, or destruction is four hundred dollars ($400) or more." (§ 594, subd. (b)(1).) If the amount of defacement, damage, or destruction is less than $400, it is a misdemeanor. (*Id.*, subd. (b)(2).)

" 'When considering a challenge to the sufficiency of the evidence to support a conviction, we review the entire record in the light most favorable to the judgment to determine whether it contains substantial evidence — that is, evidence that is reasonable, credible, and of solid value — from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.' [Citation.] We determine 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' [Citation.] This determination 'presumes in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence.' " (*People v. Cardenas* (2025) 18 Cal.5th 797, 821.) " 'We must also "accept logical inferences that the jury might have drawn from the circumstantial evidence." ' [Citation.] We do not question the credibility of a witness's testimony, so long as it is 'not inherently improbable,' nor do we reconsider the weight to be given any particular item of evidence." (*People v. Navarro*

4

(2021) 12 Cal.5th 285, 302.) "The substantial evidence standard of review is generally considered the most difficult standard of review to meet, as it should be, because it is not the function of the reviewing court to determine the facts." (*In re Michael G.* (2012) 203 Cal.App.4th 580, 589.)

Under this highly deferential standard of review, we conclude the evidence was sufficient to support the jury's factual finding that the value of the damage to Raul's vehicle met or exceeded $400. A photograph of Raul's damaged vehicle was displayed to the jury and admitted into evidence as well as a photo of the holes in the wall.[2] As noted, Raul did not testify that he had his vehicle repaired; however, he testified that his insurance deductible was $500, which he decided not to pay because he preferred to keep the money and spend it on something else. It is a well-established principle that "unless the testimony is physically impossible or inherently improbable, testimony of a single witness is sufficient to support a conviction." (*People v.*

---

[2]  The admission of the photographs distinguishes this case from *In re Kyle T.* (2017) 9 Cal.App.5th 707. In *Kyle T.,* the appellate court concluded that substantial evidence did not support a juvenile court's finding that a minor who defaced City of Los Angeles-owned property with graffiti caused $400 or more in damage. (*Id.* at pp. 713–718.) At trial, the prosecution elicited the amount of the damage from a police officer who, in turn, relied on a "graffiti cost removal list," which "set[] forth a generic, one-size-fits-all removal cost of $400 for every incident of graffiti on City-owned property … regardless of the particulars of a given incident, such as the graffiti's dimensions, the type of material used in creating the graffiti, the nature of the surface on which the graffiti was written, and the method and manpower employed for cleaning up the graffiti." (*Id.* at p. 714, fn. omitted.) In concluding that the graffiti cost removal list forming the basis of the officer's testimony was insufficient, the *Kyle T.* court repeatedly emphasized that the prosecution failed to introduce photographs of the damage into evidence. (*Id.* at pp. 711, 715–716.) Here, photographs of the damage to Raul's vehicle and walls were admitted into evidence for the jury to assess, and the prosecution did not rely on any sort of generic list reflecting a "mechanistic flat rate" for all types of vehicle damage. (*Id.* at p. 714.)

*Young* (2005) 34 Cal.4th 1149, 1181.) Viewing the evidence in the light most favorable to the judgment, a reasonable juror could infer from this testimony that Raul accurately estimated the cost of repairing his car would exceed $500. (See *People v. Coleman* (1963) 222 Cal.App.2d 358, 361 [" 'The owner of personal property who is familiar with its original cost and use is qualified to testify regarding its value.' "].)

Additionally, the jury reasonably could have relied on the evidence of the damage that Sanchez inflicted on the kitchen wall and then aggregated the value of that damage with the value of the damage to Raul's vehicle to find that the prosecution satisfied its burden of proving that Sanchez caused $400 or more in property damage. "[M]ultiple instances of misdemeanor vandalism can be aggregated to form a single felony, unless 'the evidence shows that the offenses are separate and distinct and were not committed pursuant to one intention, one general impulse, and one plan.' " (*In re Arthur V.* (2008) 166 Cal.App.4th 61, 69.) Here, there was ample evidence from which the jury could conclude that Sanchez inflicted damage to both the kitchen wall and the vehicle in one ongoing confrontation, close in time, with the same intention, impulse, and plan. A photograph depicting the damage to the kitchen wall was displayed for the jury and submitted into evidence. Based on this evidence, as well as the testimonial evidence and photographic evidence of the dents in Raul's vehicle, a rational juror could rely on its common knowledge and experience to find that the collective value of the property damage met or exceeded $400.

## IV

## DISPOSITION

The judgment is affirmed.

McCONNELL, P. J.

WE CONCUR:

DO, J.

CASTILLO, J.

7