[Crim. No. 1788.   Second Appellate District, Division One.—June 6, 1929.]

## THE PEOPLE, Respondent, v. JOSEPH LICALSI, Appellant.

Joseph M. Wapner for Appellant.

U. S. Webb, Attorney-General, and W. R. Augustine for Respondent.

HOUSER, J.—Defendant appeals from a judgment of conviction of the crime of grand theft and from an order denying his motion for a new trial.

By the information it was charged that defendant stole a diamond ring of the value of $500.   Appellant presents the point that before defendant could be convicted of grand theft the burden devolved on the prosecution to prove that the value of the ring exceeded the sum of $200.   (Sec. 487, Pen. Code.)   With reference thereto, in substance, the evidence showed that the ring was set in platinum and weighed 1.35 carats.   The only evidence as to the value of the ring was introduced over the objection of defendant, and was that a

"white solitary diamond ring in the parlance of a jeweler almost perfect, by weight 1.35 carats" was of the value of "approximately $500," but there was no evidence either that the diamond in question was "white" or that it was "almost perfect." On the other hand, before answering the question as to the value of the ring, the witness on value gave the following testimony: "Q. Mr. Murray, do you think that you could determine the value of a ring without seeing it? A. Well, if I am given the facts of the stone I would know about what the value would be. Q. Yes. But those facts would have to coincide with the jeweler's terms, the character of the stone, the way it was cut, and whether or not it was perfect or imperfect. All those things enter into consideration in your determination of the value, don't they? A. Certainly. Q. And without that you could not be in a position to make any positive statement, or even give an opinion as to the value; isn't that correct? A. I could not give the value of the stone unless I could see it. Of course not."

As hereinbefore stated, the only evidence relating to the description of the ring was as to its setting and its weight; not a word as to the color of the diamond, its character as a stone, its cutting, or any of its possible imperfections. Nor was the ring exhibited to the witness. In such circumstances, manifestly it would be impossible for anyone to fix its value. For aught that appears in the evidence, the ring may have been practically worthless. By the provisions of section 487 of the Penal Code, before a defendant may be convicted of grand theft it becomes necessary to establish the fact that "the property taken is of a value exceeding two hundred dollars." Although the evidence may have been sufficient to sustain a verdict of petty theft (sec. 488, Pen. Code), "this court has neither the constitutional nor statutory authority to modify or interfere with the verdict of the jury in any respect." (*People* v. *Nagy,* 199 Cal. 235, 239 [248 Pac. 906, 908].)

The judgment and the order denying the motion for a new trial are reversed.

Conrey, P. J., and York, J., concurred.