[Crim. No. 1844. First Appellate District, Division Two.—November 13, 1935.]

THE PEOPLE, Respondent, v. TYLER A. MORE, Appellant.

A. J. Hennessy for Appellant.

U. S. Webb, Attorney-General, and Scibert L. Sefton, Deputy Attorney-General, for Respondent.

STURTEVANT, J.—The defendant was convicted of grand theft. He made a motion for a new trial and he also made a motion in arrest of judgment. The court made orders denying both motions and the defendant appealed from the judgment and from the order denying him a new trial.

He contends that the verdict is contrary to law. That contention is based on the fact that certain jewelry, alleged to have been stolen, was not produced at the trial and that over the objection and exception of the defendant the owner of the jewelry was permitted to testify as to its value. The contention may not be sustained. The owner of property is a competent witness to testify as to its value. (*Burns* v. *Osborne-Fitzpatrick Finance Co.*, 101 Cal. App. 680 [282 Pac. 419].) The rules of evidence in a criminal action are the same as in a civil action except as modified by statute. (Pen. Code, sec. 1102.) No rule requires that property be produced in the courtroom for the purpose of proving its value.

It is next contended that the verdict is contrary to the evidence. The defendant quotes portions of the record showing evidence in his favor. It will be conceded that there was, including his own testimony, such evidence. But it must also be conceded that there was much evidence to the contrary and the jury adopted the latter and refused to follow the former.

■ The next point presented and argued by the defendant is a claim that the trial court erred in refusing to give certain instructions asked by the defendant. He says the trial court erred because it did not give his proposed instruction on petty theft. But it is a sufficient answer to state that an examination of the record discloses no such request was made. However, it should be stated that the trial court gave a full, clear instruction on the subject.

■ The fourth instruction which the defendant asked and which was refused was as follows: "You are instructed that if you do not believe from all of the evidence in the case that Tyler More ever had *the two brief cases* containing jewelry in his possession, you are to acquit the defendant." We think the point may not be sustained. The information was in the usual form. It alleged the theft of certain jewelry, describing it. It made no mention of "brief cases". Hence the instruction was not pertinent to any issue made by the pleadings.

■ Finally, it is asserted that the district attorney was guilty of misconduct. No single act is specified. No assignment is quoted in the briefs. No request is quoted wherein the trial court was asked to admonish the jury and that it failed to do so. But a statement is quoted, in which it is claimed the trial court orally proclaimed that the district attorney was guilty of misconduct in everything he said and did. The record does not sustain the claim. Almost immediately after the district attorney commenced his reply argument the attorney for the defendant commenced interposing objections and assignments of misconduct, none of which were well founded. Finally the court ruled that everything the district attorney said could be treated as objected to and assigned as misconduct. We have read the record and we do not find any misconduct on the part of the district attorney.

The judgment appealed from and the order denying a new trial are both affirmed.

Nourse, P. J., and Spence, J., concurred.