[Crim. No. 2108.   First Appellate District, Division Two.—March 18, 1940.]

THE PEOPLE, Respondent, v. JOHN W. LENAHAN, Appellant.

Melvin M. Belli and John Milton Thompson for Appellant.

Earl Warren, Attorney-General, William F. Cleary, Deputy Attorney-General, and Dennis Hession for Respondent.

SPENCE, J.—Defendant was found guilty of the crime of grand theft upon a trial by the court sitting without a

jury. His motion for a new trial was denied and the trial court pronounced judgment placing defendant on probation for a period of six years with the condition that the first year thereof be served in the county jail. Defendant appeals from the judgment of conviction and from the order denying his motion for a new trial.

Defendant was an attorney at law duly licensed to practice in this state. In 1936, defendant was engaged by Mr. Duarte, the complaining witness, to bring an action against the Postal Union Life Insurance Company for the rescission of a transaction in which Mr. Duarte had parted with securities having a face value of $24,000 for 967 shares of the stock of that company. The stock certificate, endorsed in blank by Mr. Duarte and his wife, was delivered to defendant in January, 1937, for the purpose of tendering said certificate to said company and demanding the return of the consideration given. The tender was refused and the certificate remained in the possession of the defendant until June, 1937. At that time, defendant pledged said stock with a bank as additional security for an indebtedness of $9,750 which he personally owed to said bank. Mr. Duarte first learned of the pledge of the stock when he was notified in 1938 that a new certificate had been issued in the name of the bank. Mr. Duarte consulted the district attorney about this matter. The district attorney talked with defendant and told him that ''Something looks funny about it.'' Defendant asked, ''If I satisfy Duarte, or if I talk with Duarte and straighten this out, then are you satisfied?'' The district attorney then said ''If Duarte don't come back to the office, as far as I am concerned there will be no warrant issued.'' Defendant got in touch with Mr. Duarte immediately and arranged to see him at the office of a San Francisco attorney on the following day. Defendant left by plane for Seattle that night and wired Mr. Duarte that he would not meet him personally on the following day as planned. Within a day or two after arriving in Seattle, defendant learned that a warrant had been issued for his arrest and thereafter defendant was not heard from until about six months later when he was arrested in Rockford, Illinois, for issuing a check under the *alias* of John O'Brien. He admitted that he knew that the police were looking for him during all of that time and he further admitted that he had traveled under various *aliases* in several

states in the east. He was employed as a traveling salesman, selling law books, at the time of his arrest.

■ Defendant contends that the evidence was insufficient to support the judgment of conviction but we find no merit in this contention. There was a direct conflict in the evidence on the question of whether defendant did or did not have authority to pledge the stock of the bank as security for his own obligation. Mr. Duarte testified that defendant had no such authority while defendant testified that he had. There was direct, substantial evidence to support the implied finding of the trial court against the defendant and, such being the case, an appellate court may not interfere. ■ Defendant apparently claims that undue emphasis was placed on the evidence of flight. It is well settled that the evidence showing the flight of the defendant, when he knew he was charged with crime, was properly admitted and was properly considered with all other facts and circumstances as tending in some degree to prove a consciousness of guilt. (*People* v. *Jones*, 160 Cal. 358 [117 Pac. 176] ; *People* v. *Sainz*, 162 Cal. 242 [121 Pac. 922] ; 8 Cal. Jur. 44, sec. 158.) There is nothing to indicate that any undue emphasis was placed on such evidence here.

■ A second claim of insufficiency is that the evidence was insufficient to show that the stock had "a value exceeding two hundred dollars" (Pen. Code, sec. 487). Under section 484 of the Penal Code, such "value" is "the reasonable and fair market value". We believe this claim is likewise without merit. It was only necessary in the present case for the prosecution to prove that the 976 shares of stock had a "reasonable and fair market value" in excess of $200. Mr. Duarte, the owner of the stock, testified that the stock had a par value of $10 per share and that the value "according to the market" was around $6 per share in 1937. He further testified that just before defendant went away, defendant stated that the stock "was worth two or three dollars a share". Other testimony relating to value was admitted but we believe that the foregoing evidence was ample to sustain the implied finding of the trial court relating to value. Defendant concedes the existence of the general rule which permits the owner of property to testify regarding its value (10 Cal. Jur. 1023), but he asserts that this rule has no application where the value of shares of capital stock is in

issue. We know of no authority so limiting the application of the rule.

The judgment and order denying the motion for a new trial are affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 12, 1940, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 18, 1940. Carter, J., voted for a hearing.