[Crim. No. 5200.   First Dist., Div. Three.   Dec. 6, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. WADE HENDERSON, Defendant and Appellant.

Donald C. Duchow for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Edward P. O'Brien and Jackson L. Smith, Deputy Attorneys General, for Plaintiff and Respondent.

DRAPER, P. J.—Tried to the court without a jury, defendant was convicted of grand theft, and sentenced to prison. His sole argument on appeal is that the evidence does not establish that the articles were worth more than $200, and that thus his crime cannot be grand theft (Pen. Code, § 487).

This contention is an obvious afterthought. The sole defense at trial was that there was no intent to steal. The owner testified that the stolen watch was worth $1,800 and the stolen ring $1,200; he had purchased them from established jewelers for these sums; and he had with him the receipts for them. Defendant did not cross-examine as to value, offered no evidence regarding it, and never suggested a lesser valua- He now argues that evidence of value can be given only by one who has some expertise, whether or not he is the owner.

The California rule is to the contrary (*People* v. *More,* 10 Cal.App.2d 144 [51 P.2d 175] [jewelry] ; *People* v. *Coleman,*

222 Cal.App.2d 358 [35 Cal.Rptr. 141]; *People* v. *Lenahan,* 38 Cal.App.2d 39 [100 P.2d 515]; *People* v. *Haney,* 126 Cal. App. 473 [14 P.2d 854]), as is also the general rule (3 Wigmore on Evidence (3d ed.) § 716; 2 Wharton's Criminal Evidence, 414). The weight to be given the owner's testimony as to value is for the trier of the fact (3 Wigmore on Evidence, *supra*). The decisions cited by defendant (*People* v. *Robertson,* 117 Cal.App. 1 [3 P.2d 336]; *People* v. *Licalsi,* 99 Cal.App. 321 [278 P. 454]) are not in point.

Judgment affirmed.

Salsman J., and Devine, J., concurred.