Filed 4/22/16  P. v.Lopez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  The opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G051199 |
| v. | (Super. Ct. No. 13CF2910) |
| MARIO LOPEZ, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, David A. Hoffer, Judge.  Affirmed.

Valerie G. Wass, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Christine Levingston Bergman, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

A jury convicted Mario Lopez of first degree residential burglary (Pen. Code, §§ 459, 667.5, subd. (c)(21) [nonaccomplice present during burglary]; all statutory references are to the Penal Code), and grand theft (§ 487, subd. (a)). The trial court found Lopez had suffered a prior Three Strikes conviction. (§§ 667, subds. (d) & (e), 1170.12, subds. (b) & (c)), and two prior serious felony convictions (§ 667, subd. (a)(1)). Lopez challenges the sufficiency of the evidence to support the grand theft conviction, arguing the value of the stolen computer did not exceed the $950.00 threshold necessary to secure a felony conviction. We disagree and therefore affirm the judgment.

I

FACTUAL AND PROCEDURAL BACKGROUND

Circumstantial evidence established Lopez entered Rodolfo Curiel's Santa Ana home during the day on August 14, 2012, and stole Curiel's 13-inch Apple MacBook Pro A1278 laptop computer. Curiel had purchased the laptop around August 2011 for $2,000, and installed software costing over $500. Curiel recovered the laptop from a pawn shop in June 2013. A few months later he sold the computer on Craigslist for $800.

Following trial in October 2014, the jury convicted Lopez as charged and the court imposed a 14-year prison term.

II

DISCUSSION

*Evidence Was Sufficient to Prove Value of the Stolen Laptop Computer Exceeded $950*

Lopez contends there is insufficient evidence to support his conviction for grand theft. (§ 487, subd. (a).) He argues the prosecution failed to prove Curiel's laptop computer exceeded $950 in value.

2

The test for sufficiency of the evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (*Jackson v. Virginia* (1979) 443 U.S. 307, 318-319; *People v. Johnson* (1980) 26 Cal.3d 557, 576-578 (*Johnson*).) The reviewing court reviews the whole record and evidence in the light most favorable to the judgment below and determines whether the record contains substantial evidence from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. (*Johnson, supra*, at p. 562.) The evidence must be of ponderable legal significance, reasonable in nature, credible and of solid value. (*People v. Albillar* (2010) 51 Cal.4th 47, 60; *People v. Bassett* (1968) 69 Cal.2d 122, 139 [that circumstances might also be reasonably reconciled with a finding of not guilty does not warrant a reversal of the judgment].)

Section 487 provides in relevant part, "Grand theft is theft committed in any of the following cases: [¶] (a) When the money, labor, or real or personal property taken is of a value exceeding nine hundred fifty dollars ($950), except as provided in subdivision (b)." Section 484, subdivision (a) provides, "In determining the value of the property obtained . . . , the reasonable and fair market value shall be the test . . . ." (See CALCRIM No. 1801.) The "fair market value" is generally the price the property would bring in an open market between a willing buyer and seller. (*People v. Pena* (1977) 68 Cal.App.3d 100, 102-104.) It means "the highest price obtainable in the market place rather than the lowest price or the average price." (*Id.* at p. 104.)

Lopez complains Curiel's "generalized testimony" did not establish value. "Computer technology changes rapidly, and obsolescence is just around the corner. Like a vehicle, a computer rapidly drops in value once it is purchased and removed from its box. No evidence was presented to establish the actual fair market value of the computer at the time it was stolen, or when it was purchased, or even whether it was the latest model of the MacBook Pro at the time it was purchased . . . . Significantly the

3

prosecution presented no evidence to corroborate [Curiel's] testimony that he purchased the MacBook Pro in the summer of 2011 for $2,000, or that he sold it for $800 a couple of months after he regained possession of his laptop. [¶] In order to conclude that the stolen laptop was worth more than $950 at the time it was stolen, the jury was required to engage in speculation and conjecture, which does not constitute substantial evidence to support a conviction."

We disagree. Curiel testified he purchased the MacBook Pro for $2,000 a year before the theft. (*People v. Henderson* (1965) 238 Cal.App.2d 566 [owner's testimony of purchase price sufficient to establish value].) Curiel added software costing over $500. He sold the computer for $800 on Craigslist approximately a year after the theft. A year after the theft, and notwithstanding the fact it had been in and out of a pawnshop several times, Curiel sold the computer for $800, which supports the jury's conclusion it was worth over $950 on the day of the theft. Curiel did not need to testify to the actual date or place of purchase of the computer or software, identify whether he purchased the items new or used, nor did the prosecution need to supply documentary evidence of the purchases. (*People v. Young* (2005) 34 Cal.4th 1149, 1181 [a single witness's testimony is sufficient to support a conviction, unless it is physically impossible or inherently improbable].) These were credibility factors for the jury to consider in ascertaining value. The jury reasonably could conclude the fair market value of Curiel's MacBook exceeded $950 on August 14, 2012.

4

### III

#### DISPOSITION

The judgment is affirmed.


ARONSON, J.

WE CONCUR:


MOORE, ACTING P. J.


IKOLA, J.