Filed 5/19/25  P. v. Ledesma-Vasquez CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C100207 |
| v. | (Super. Ct. No. CR20231823) |
| AGUSTIN TITO LEDESMA-VASQUEZ, | |
| Defendant and Appellant. | |

A jury convicted defendant Agustin Ledesma-Vasquez of grand theft and receiving stolen property.  The trial court vacated the conviction for receiving stolen property and sentenced defendant to four years in prison.

Defendant now contends (1) there is insufficient evidence to support his conviction for grand theft, (2) the trial court should have instructed the jury on lesser-included offenses, and (3) cumulative error prejudiced him.  Finding no merit in the contentions, we will affirm the judgment.

BACKGROUND

M.K. testified that she drove her friend's car to her graduation ceremony in Sacramento and parked in a parking garage.  In the car, M.K. left her backpack, which

1

contained a laptop, tablet, stylus, headphones, wallet, and cosmetic items. Her friend left a purse in the car. Upon returning to the car after the ceremony, M.K. saw that the window was broken and that her backpack and friend's purse were missing.

After calling the police, M.K. began to track her tablet, drove to a motel where she believed the tablet was located, and reported the location to police. When the tablet location started to move, M.K. followed a pickup truck that appeared to move with the tablet.

The truck eventually stopped at a gas station. M.K. parked her car and took a video of the driver side of the truck, which the prosecution entered into evidence. Defendant got out of the truck and left the driver-side door open. M.K. zoomed her camera lens and saw a backpack and tablet in the cab of the truck. M.K. testified she could not see the backseat of the truck because the windows were tinted.

West Sacramento police officers subsequently pulled defendant over. Officer Nolan Nagel testified that when he approached the truck he noticed another person, Sean Hillyard, in the backseat. Hillyard was holding M.K.'s stylus and tablet. M.K.'s backpack, cosmetic bag, and her friend's purse were also in the backseat. Officer Nagel noticed M.K.'s work identification on the driver-side floor. M.K.'s laptop and wallet were not found. M.K. testified her laptop was worth approximately $1,200. The People entered body-camera footage into evidence.

Officer Francisco Lopez questioned defendant, who claimed he did not know how M.K.'s property got into his truck. Defendant said he picked up Hillyard to give him a ride, he did not know Hillyard, he went to the motel because defendant knew someone there, and defendant did not know if M.K.'s items belonged to Hillyard.

The jury found defendant guilty of grand theft of property valued at more than $950 (Pen. Code, §§ 484, subd. (a), 487, subd. (a))[1] and receiving stolen property (§ 496, subd. (a)).  The trial court found true a prior serious felony conviction allegation. (§§ 667, subds. (c), (e)(1), 1170, subd. (b).)  It vacated the receiving stolen property conviction on the ground that defendant could not be convicted of both stealing and receiving the same stolen property, and it sentenced defendant to four years in state prison

## DISCUSSION

### I

Defendant contends there is insufficient evidence to support his conviction for grand theft.

In reviewing a claim of insufficient evidence, we view the record in the light most favorable to the judgment to determine whether it contains substantial evidence from which a rational trier of fact could have found the defendant guilty beyond a reasonable doubt.  (*People v. Bloom* (1989) 48 Cal.3d 1194, 1208.)  Substantial evidence is evidence of ponderable legal significance, which is reasonable in nature, credible, and of solid value.  (*People v. Johnson* (1980) 26 Cal.3d 557, 576.)  We presume in support of the judgment the existence of every fact the jury could reasonably have deduced from the evidence.  (*People v. Bloyd* (1987) 43 Cal.3d 333, 346-347)  We will reverse only if it can be said that on the evidence presented no reasonable fact finder could find the defendant guilty on the theory presented.  (*Johnson*, at p. 576.)

A person is guilty of grand theft if they take possession of personal property owned or possessed by another, the property is worth more than $950, they do so by means of trespass with the intent to steal the property, and they carry it away.  (§ 487,

---

[1] Undesignated statutory references are to the Penal Code.

3

subd. (a); see also CALCRIM No. 1801.) "Possession of recently stolen property is so incriminating that to warrant conviction there need only be, in addition to possession, slight corroboration in the form of statements or conduct of the defendant tending to show his guilt." (*People v. McFarland* (1962) 58 Cal.2d 748, 754 (*McFarland*).) It is for the jury to determine whether an inference of "theft, burglary, or knowingly receiving stolen property" should be drawn in the light of all the evidence. (*Id.* at p. 755.)

If credited by the trier of fact, the testimony of a single eyewitness, unless physically impossible or inherently improbable, is sufficient to sustain a conviction. (*People v. Keltie* (1983) 148 Cal.App.3d 773, 781-782.) "Testimony is not inherently improbable unless it appears that what was related or described could not have occurred. [Citations.] 'To warrant the rejection of the statements given by a witness who has been believed by a trial court, there must exist either a physical impossibility that they are true, or their falsity must be apparent without resorting to inferences or deductions.' " (*People v. Johnson* (1960) 187 Cal.App.2d 116, 122.) Not only is in-court eyewitness identification alone sufficient to sustain the conviction, but "when the circumstances surrounding the identification and its weight are explored at length at trial, where eyewitness identification is believed by the trier of fact, that determination is binding on the reviewing court." (*In re Gustavo M.* (1989) 214 Cal.App.3d 1485, 1497.)

Defendant argues there is no evidence he took the victim's property or possessed the stolen items. He points to his own testimony that Hillyard was the one who brought and possessed the property, and he also points to M.K.'s testimony that she could not see Hillyard in the backseat of the truck. However, the jury could infer that defendant stole the property and possessed it based on all of the evidence. (*McFarland, supra*, 58 Cal.2d at p. 755.) There is evidence M.K. tracked the tablet, the tablet movement matched the movement of the truck, defendant was driving the truck, defendant left the driver's door open at the gas station, and M.K. observed her backpack on the front seat of the truck. The jury could reasonably credit that evidence, and reject defendant's version of events,

4

to conclude that defendant took the victim's property and possessed the stolen items. (*People v. Alcala* (1984) 36 Cal.3d 604, 623.)

Defendant further argues there was insufficient evidence that any of the stolen items were worth more than $950.  But M.K. testified the value of her laptop was $1,200, and the jury was entitled to credit that evidence.  (*People v. Henderson* (1965) 238 Cal.App.2d 566, 567; *Schroeder v. Auto Driveaway Co.* (1974) 11 Cal.3d 908, 921 ["The opinion of an owner of personal property is in itself competent evidence of the value of that property, and sufficient to support a judgment based on that value."].)

Sufficient evidence supports defendant's conviction for grand theft.

## II

In addition, defendant contends the trial court erred when it declined to instruct the jury on the lesser-included offenses of petty theft and misdemeanor receipt of stolen property.

A trial court has a duty to instruct on a lesser-included offense " 'if there is evidence that, if accepted by the trier of fact, would absolve the defendant of guilt of the greater offense but not of the lesser.' " (*People v. Souza* (2012) 54 Cal.4th 90, 116.) " 'To justify a lesser included offense instruction, the evidence supporting the instruction must be substantial—that is, it must be evidence from which a jury composed of reasonable persons could conclude that the facts underlying the particular instruction exist.' [Citations.]  [¶]  ' "Conversely, even on request, the court 'has no duty to instruct on any lesser offense unless there is substantial evidence to support such instruction.' " ' [Citation.]  This substantial evidence requirement is not satisfied by " '*any* evidence . . . no matter how weak,' " but rather by evidence from which a jury composed of reasonable persons could conclude "that the lesser offense, but not the greater, was committed." [Citation.]  "On appeal, [appellate courts] review independently the question whether the trial court failed to instruct on a lesser included offense." ' " (*Souza,* at pp. 115-116.)

5

Grand theft involves property worth more than $950, whereas petty theft and misdemeanor receiving stolen property involve property worth $950 or less. (§§ 484, subd. (a), 487, subd. (a), 496, subd. (a).) There is no evidence in the record that defendant committed petty theft or misdemeanor receiving stolen property but not grand theft, and no evidence to support instructing on those lesser-included offenses. M.K. testified that her laptop was worth $1,200. Defendant did not dispute M.K.'s evidence regarding the laptop value or offer any contrary evidence of its value. Because there was no evidence the laptop was worth $950 or less, the trial court was not required to instruct the jury on the lesser-included offenses of petty theft or misdemeanor receiving stolen property. (*People v. Barton* (1995) 12 Cal.4th 186, 201.)

III

Finally, defendant contends cumulative error prejudiced him. Having found no error to cumulate, defendant's contention lacks merit.

DISPOSITION

The judgment is affirmed.

/S/
_____
MAURO, Acting P. J.

We concur:

/S/
_____
KRAUSE, J.

/S/
_____
BOULWARE EURIE, J.

6